UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MELISSA ALVARADO TORRES, et al.,

    Plaintiffs,

v.

ARCOS DORADOS DE P.R. INC., et al.,

    Defendants.

Civil No. 11-1214 (JAF)

**OPINION AND ORDER**

Before the court is a motion by Defendants seeking costs and attorneys' fees as prevailing parties in a case brought under Title VII, 42 U.S.C. § 2000 et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; and 42 U.S.C. § 1983. (Docket No. 84.) Each of these statutes provides that a prevailing party may recover attorneys' fees and costs. 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 12205; 29 U.S.C. § 626(b); 42 U.S.C. § 1988. (Docket No. 84.) "Although courts are most often faced with motions for attorney's fees by prevailing plaintiffs, the statutes empower courts to grant fee requests by whichever party prevails." Tang v. State of R.I. Dept. of Elderly, 163 F.3d 7, 13 (1st Cir. 1988).

**I.**

**Background**

In this case, Plaintiffs filed a complaint on February 25, 2011, alleging a number of federal and Puerto Rico law claims. (Docket No. 1.) On May 4, 2011, Defendants filed a

motion to dismiss. (Docket No. 11.) Plaintiffs requested two extensions of the time allowed to oppose the motion to dismiss. (Docket Nos. 21; 25.) On June 8, 2011, Plaintiffs then filed a "motion to withdraw voluntarily without prejudice certain of the claims," including their claims under the Sarbanes Oxley Act, 15 U.S.C. § 7201 et seq.; Title VII; and their individual liability claims against two codefendants under the ADA and ADEA. (Docket No. 26 at 2.) Plaintiffs also filed an opposition to the motion to dismiss as to their remaining claims. (Docket No. 30.) Defendants opposed Plaintiffs' motion to withdraw claims without prejudice. (Docket No. 32.) Defendants argued that these claims Plaintiffs sought to withdraw were baseless and should be dismissed with prejudice. (Id.)

We initially granted Plaintiffs' motion to withdraw their claims voluntarily without prejudice. (Docket No. 66.) Defendants then filed a motion for reconsideration, reincorporating their arguments that Plaintiffs' claims should be dismissed with prejudice. (Docket No. 69.) Persuaded by Defendants' arguments, we granted Defendants' motion and converted our final judgment to a dismissal with prejudice. (Docket Nos. 71; 72.) Plaintiffs filed a motion for reconsideration, which we denied. (Docket Nos. 74; 76.) Plaintiffs then appealed our decision. (Docket No. 77.) The Court of Appeals dismissed Plaintiffs' appeal as untimely. (Docket No. 82.)

## II.

## Analysis

Defendants argue that they are entitled to attorneys' fees for the time they spent responding to Plaintiffs' frivolous claims. (Docket No. 84.) Specifically, Defendants argue that Plaintiffs' § 1983, Title VII, and their individual liability claims under the ADA and ADEA were "unreasonable, frivolous, groundless, and should have never been brought by

Civil No. 11-1214 (JAF) -3-

Plaintiffs in the first place. (Docket No. 84 at 2.) Defendants do not ask to be reimbursed for the time they spent responding to Plaintiffs' non-frivolous claims. See Fox v. Vice, 131 S.Ct. 2205 (2011) (holding that prevailing parties may only recover fees for time spent responding to frivolous claims). Defendants do not ask to be reimbursed for Plaintiffs' remaining claims under the Sarbanes-Oxley Act, Puerto Rico employment laws, ADA, and ADEA claims against the employer, or under the federal and Puerto Rico constitutions. (Docket Nos. 1; 84.) For the reasons explained below, we deny Defendants' motion.

"While decisions to grant defendants fees are and should be, rare, 'a district court may in its discretion award attorney's fees to a prevailing defendant ... upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Tang v. State of R.I. Dept. of Elderly, 163 F.3d 7, 13 (1st Cir. 1988) (quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). While we think that some of Plaintiffs' claims were frivolous, these frivolous claims made up a very small portion of the case. Under the Supreme Court's rule in Fox, defendants can be reimbursed "only the portion of his fees that he would not have paid but for the frivolous claim." 131 S.Ct. at 2215.

We agree that Plaintiffs' claims under Title VII and § 1983 were frivolous. Title VII "makes it unlawful for an employer 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir. 2012) (quoting 42 U.S.C. § 2000e–2(a)(1)). Plaintiffs did not even allege which of these protected classes was grounding their claim. The complaint mentions age and disability

Civil No. 11-1214 (JAF)                                                                                                  -4-

discrimination, but nothing about any of the classes protected under Title VII. (Docket No. 1.) Moreover, it is well established that there is no individual liability under Title VII. Fantini v. Salem State College, 557 F.3d at 31 (1st Cir. 2009) (holding that "there is no individual employee liability under Title VII."). We agree with Defendants that it was frivolous for Plaintiffs to file their Title VII claim despite these obvious shortcomings.

Next, Defendants argue that Plaintiffs' § 1983 claim was frivolous. Again, we agree. "To make out a viable section 1983 claim, a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued." Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011) (citing Redondo-Borges v. U.S. Dep't of HUD, 421 F.3d 1, 7 (1st Cir. 2005)). We have seen no plausible suggestion that these Defendants' conduct satisfied the "under color of state law" requirement. Therefore, we find Plaintiffs' claim under 1983 was frivolous.

Defendants' arguments under the ADA and ADEA are less compelling. Defendants have cited only to district court cases for the proposition that there is no individual liability under either of these statutes. (Docket No. 84 at 4.) These cases persuasively reason why there is no individual liability under the ADA or ADEA. See Mercado v. Cooperativa de Seguros de Vida de Puerto Rico, 726 F.Supp.2d 96, 101 (D.P.R. 2010) (finding no individual liability under ADEA); Reyes-Ortiz v. McConnell Valdes, 714 F.Supp.2d 234, 238 (D.P.R. 2010) (finding no individual liability under ADEA or ADA). Still, to our knowledge, this is still an "open question in the First Circuit." Reyes-Ortiz, 714 F.Supp.2d at 238. We think that until the Court of Appeals provides an authoritative construction of the statute, it is premature to say that all arguments for individual liability under the statutes are frivolous.

Civil No. 11-1214 (JAF) -5-

We must then decide whether to award fees for Defendants' work responding to Plaintiffs' frivolous claims. Under Fox, when a defendant prevails in a suit involving both frivolous and non-frivolous claims, he may be reimbursed "only the portion of his fees that he would not have paid but for the frivolous claim." 131 S.Ct. at 2215. As the Supreme Court acknowledged, this can present difficult separability issues. Id. Some of the time attorneys spend defending against frivolous claims will also serve to defend against non-frivolous claims. Id. That appears to be the case here. Defendants have submitted timesheets that describe the time they spent performing various tasks, but it is nearly impossible to tell how much of this time was devoted exclusively to Plaintiffs' frivolous claims under Title VII and § 1983. (See Docket No. 84-4.) To take one example, Plaintiffs ask to be reimbursed for time spent preparing their opposition to Plaintiffs' "motion to withdraw without prejudice." (Docket No. 84-4 at 2.) But the vast majority of the time they spent preparing this opposition would have addressed not only Plaintiffs' frivolous Title VII and 1983 claims, but also their ADA, ADEA, and Sarbanes-Oxley Act claims, which Defendants do not argue were frivolous. (See Docket No. 32.)

The determination of fees "should not result in a second major litigation." Fox, 131 S.Ct. at 2216 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). We must remember that the "essential goal in shifting fees (to either party) is to achieve rough justice, not achieve auditing perfection." Id. Therefore, we make a rough estimate of what portion of these fees Defendants would not have paid but for the frivolous litigation. Id. Here, we think the percentage is very small. The vast majority of the work in this case was to respond to Plaintiffs' non-frivolous claims of age and disability discrimination. We can find no entry on the timesheet that describes work that was necessary only because of Plaintiffs'

Civil No. 11-1214 (JAF) -6-

frivolous claims. We also think that it would have taken very little time for Defendants to respond to Plaintiffs' claims under Title VII and 1983. A brief search on a legal database and a couple pages of text would have been sufficient to respond to these groundless claims. See Efron v. Mora Development Corp., 675 F.3d 45, 47 (1st Cir. 2012) (finding fee award not justified where only minimal work was required to respond to frivolous claims).

Therefore, we hereby **DENY** Defendants' request for attorneys' fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of January, 2013.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge